CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6940
FAX: (415) 436-7240
kenneth.chambers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OZYMANDIAS TROY WATSON,<br><br>Defendant. | No. 4:25-CR-00016-HSG<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Sentencing Date: September 9, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam |

## I. INTRODUCTION

The United States respectfully requests that this Court impose a time served sentence, which is in accordance with the plea agreement filed on March 19, 2025. The government also requests that the defendant's sentence be followed by three years of supervised release. The plea agreement resolves a case in which the defendant was charged by Information on January 22, 2025 with Possession of a Controlled Substance with Intent to Distribute, a felony, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C). Dkt. No. 73. The defendant pled guilty pursuant to a plea agreement on March 19, 2025. Dkt. No. 83. The defendant will appear before this Court for sentencing on September 9, 2026 at 2:00 p.m.

## II. FACTUAL BACKGROUND

On or about July 6, 2022, the defendant communicated with another individual, Jianna Coppedge, regarding the sale of blue M30 pills. During this conversation, the defendant told Coppedge that he could not "serve" right now because he did not have any "blues." This text message was in reference to the defendant selling M30 pills. Also, during this conversation, Coppedge told the defendant that she was going to sell additional M30s. Specifically, Coppedge told the defendant that she had $100 in cash on July 6, 2022 and needed to obtain more M30 pills before the week was over because she sold half that day. Additionally, she told the defendant that she would let the defendant know when he could retrieve the money from her and that she had $580. The defendant supplied Coppedge with M30 pills and she owed him money for the pills that he had previously sold to her. Furthermore, the defendant knew that Coppedge was selling some of the M30 pills that he had supplied her.

Additionally, on July 13, 2022, the defendant's home was searched pursuant to a search warrant. The defendant resided in the Northern District of California at the time of the search. During the search, the defendant had, inside of his bedroom, approximately one hundred ten (110) M30 blue tablets totaling approximately 11.3 grams of fentanyl, 18.62 grams of fentanyl powder for personal use, a digital scale, and approximately twenty-five (25) translucent medication packaging capsules. The defendant possessed the M30 pills with the intent to distribute them to another person. Also, on July 13, 2022, the defendant was stopped by law enforcement at a parking lot. The defendant was sitting inside of his

Nissan Versa. During the stop, law enforcement recovered twenty (20) M30 tablets and a dark blue colored Samsung cellphone from his person. The phone was used to facilitate the further distribution of M30 pills.

## III. DEFENDANT'S GUIDELINE CALCULATION

As set forth in the Plea Agreement, the Sentencing Guidelines calculations for the defendant's offense level is as follows:

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2D1.1©(1)(18): | 16 |
| b. | Acceptance of Responsibility: | - 3 |
| | If defendant meets the requirements of U.S.S.G. § 3E1.1, the defendant may be entitled to a three-level reduction for acceptance of responsibility, provided that the defendant forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing. | |
| c. | Zero-point offender, U.S.S.G. § 4C1.1(a) | -2/0 |
| | Safety Valve Adjustment | -2 |
| c. | Total Offense Level: | 9 |

## IV. LEGAL STANDARD

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. To that end, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct; and

(4) The need to void unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## V. PRESENTENCE REPORT

The government reviewed the PSR prepared by United States Probation Officer Jasmine Vega. *See* Dkt. 111. The PSR has a total adjusted offense level of 9. The government has no objection to the offense calculation. The government has no objection to, and agrees on, the Criminal History Category in the PSR, which is a Category I. The government further agrees that the defendant should receive a three-level reduction for acceptance of responsibility and timely notification of his intent to plead guilty. The government does not have any objections to the report's factual recitation or recommended supervision terms.

## VI. SENTENCING RECOMMENDATION

The government recommends a sentence of time served. Pursuant to the plea agreement, the defendant successfully completed the *LEADS* program. Accordingly, the government is recommending a sentence of time served. The government believes that this sentence is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing. The government believes that the time-served sentence is an appropriate sentence based on the sentencing factors set forth under 18 U.S.C. § 3553(a). Furthermore, in accordance with the sentencing factors, the government believes that the time-served recommended sentence reflects the seriousness of the offense, while also considering the nature and characteristics of the offense, and the history and characteristics of the defendant.

For the reasons stated above, the government believes that a time served sentence is appropriate.

## VII. CONCLUSION

With full consideration, the Government recommends that the Court impose a sentence of time served, followed by three years of supervised release, and a $100 special assessment fee. This sentence

//

//

//

is reasonable and sufficient, but not greater than necessary, to achieve the goals of sentencing.

DATED: September 2, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ *Kenneth Chambers*
KENNETH CHAMBERS
Assistant United States Attorney